**DICKINSON WRIGHT RLLP**
Eric R. McDonough
California State Bar No. 193956
3579 Valley Centre Dr, Suite 100,
San Diego, CA 92130
Tel:    858-397-7412
Fax:    844-670-6009
Email: emcdonough@dickinson-wright.com

James E. Tyrrell III (*Pro hac vice* pending)
1825 Eye Street N.W., Suite 900
Washington, D.C. 20006
Tel:    202-659-6934
Fax:    844-670-6009
Email: JTyrrell@dickinson-wright.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RUDOLPH "BUTCH" WARE,<br><br>Plaintiff,<br><br>vs.<br><br>SHIRLEY N. WEBER, in her official capacity as California Secretary of State,<br><br>Defendant. | Case No.  2:26-at-699<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

VERIFIED COMPLAINT FOR DECLARATORY
                                                 AND INJUNCTIVE RELIEF

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to vindicate Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

NOW COMES Plaintiff Rudolph "Butch" Ware, by and through his undersigned counsel, and states as follows in support of his Complaint against California Secretary of State Shirley N. Weber (the "Secretary" or "Defendant"):

## **INTRODUCTION**

1.     "The impact of candidate eligibility requirements on voters implicates basic constitutional rights." *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983).

2.     In *Patterson v. Padilla*, the Supreme Court of California recognized the impact that candidate eligibility requirements had on voters and held that California's tax-return disclosure requirement, as applied to presidential candidates, violated California's Constitution: "The Legislature may well be correct that a presidential candidate's income tax returns could provide California voters with important information. But article II, section 5(c) embeds in the state Constitution the principle that, ultimately, it is the voters who must decide whether the refusal of a 'recognized candidate[ ] . . .' to make such information available to the public will have consequences at the ballot box." 451 P.3d 1171, 1174 (Cal. 2019).

3.     California law requires gubernatorial candidates to produce redacted and unredacted tax returns to the Secretary of State's Office in order to be listed as a candidate for said office on the ballot. *See* California Elections Code §§ 8902 and 8903.

4.     The tax return requirements for gubernatorial candidates articulated in California Elections Code §§ 8902 and 8903 impose a disclosure requirement that operates as a ballot access restriction, thereby removing from voters the ability to evaluate a candidate's refusal to disclose tax returns in casting their vote.

5.     Plaintiff Rudolph "Butch" Ware is a candidate for Governor for the State of California, who, despite timely submitting full and complete nomination paperwork to the Secretary of State's Office, is being denied access to the ballot based on alleged defects in the tax

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

returns that he submitted to the Secretary of State in accordance with California Elections Code §§ 8902 and 8903.

6. Despite Plaintiff's good faith efforts to correct the alleged defects in his submission, Defendant repeatedly changed her position regarding the alleged defects in Plaintiff's submissions and ultimately failed to provide Plaintiff a meaningful opportunity to cure, thereby depriving Plaintiff of procedural due process under the Fourteenth Amendment.

7. Because California Elections Code §§ 8902 and 8903 cannot be justified by any sufficiently compelling state interest to overcome the severe burden they impose on ballot access rights, as reflected in the reasoning of *Patterson v. Padilla*, it unconstitutionally infringes on Plaintiff's First and Fourteenth Amendment rights.

8. Accordingly, Plaintiff asks this Court to declare California Elections Code §§ 8902 and 8903 unconstitutional under the First and Fourteenth Amendments to the United States Constitution and to preliminarily and permanently enjoin Defendant from relying on and enforcing that interpretation.

## **PARTIES**

9. Plaintiff Rudolph "Butch" Ware resides in Santa Barbara, California, and is a registered voter in California and a 2026 candidate for Governor for the State of California. Plaintiff timely filed all required paperwork with the California Secretary of State's Office.

10. Defendant Shirley N. Weber is California's Secretary of State and is being sued in her official capacity. Secretary Weber is an elected official tasked with conducting elections and oversees the filing of nomination papers and declarations of candidacy for statewide offices in accordance with California Elections Code § 8000 *et seq*.

## **JURISDICTION AND VENUE**

11. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because this case arises under the Constitution and laws of the United States of America. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3)-(4), which confers jurisdiction over civil

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

rights actions brought to redress deprivations of constitutional rights under color of state law, including actions brought pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

12.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this action arose in this district.

## LEGAL AND FACTUAL BACKGROUND

13.   On June 2, 2026, the State of California will hold its Gubernatorial Primary Election in which registered voters will vote for their choice for the next Governor.

14.   California Elections Code § 8902 requires gubernatorial candidates to "file[] with the Secretary of State copies of every income tax return the candidate filed with the Internal Revenue Service in the five most recent taxable years . . . ." California Elections Code § 8902(a).

15.   In 2019, the California Supreme Court unanimously struck down the portion of this same statutory scheme that applied the identical tax return disclosure requirement to presidential candidates, holding that it conflicted with the California Constitution's guarantee of an inclusive open presidential primary. *Patterson v. Padilla*, 9 Cal.5th 1, 451 P.3d 1171 (Cal. 2019). The *Patterson* court expressly declined to address the constitutionality of the gubernatorial portion of the statute, leaving that question open. *Id.* at 14 n.5. No California appellate court and no federal court has since reviewed or upheld the gubernatorial tax return requirement on its constitutional merits. This action presents that open question for the first time in federal court.

16.   California Elections Code § 8903 requires that the candidate submit two copies of each tax return required by California Elections Code § 8902: "One copy of each tax return shall be identical to the version submitted to the Internal Revenue Service, without redactions, and shall not be subject to disclosure pursuant to this section. One copy shall be identical to the version submitted to the Internal Revenue Service but shall be redacted pursuant to this paragraph." California Elections Code § 8903(a)(1)(A).

///

///

4   VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

17.    Under California Elections Code § 8902(a) and California Elections Code § 8903(a)(1)(A), the deadline for submitting nomination documents for this June 2, 2026 election was Thursday, March 6, 2026 at 5:00p.m.

18.    On March 5, 2026, Plaintiff timely submitted the requisite forms and documents to Defendant, in compliance with California Elections Code §§ 8902 and 8903.

19.    The forms submitted included redacted and unredacted copies of Plaintiff's federal tax returns for the 2021, 2022, 2023, and 2024 tax years, as required under California Elections Code §§ 8902 and 8903.

20.    For purposes of submitting the tax returns to Defendant, the tax returns were collated and inspected for submission by David Rachford, CPA.

21.    On March 7, 2026 at 3:07 p.m., Defendant contacted Plaintiff via email and claimed that Defendant "identified deficiencies that must be corrected" and granted Plaintiff until March 16, 2026 at 5:00 p.m. to resubmit corrected hard copies to the Election Division. A true and correct copy of the March 7, 2026 email correspondence is attached hereto as Exhibit "A".

22.    Defendant alleged that the redacted and unredacted versions of the tax returns for the years 2021, 2022, 2023, and 2024 did not match, that unredacted versions were not submitted, and that the CPA's name was inappropriately redacted. *See id*.

23.    Three days later, on March 10, 2026 at 9:29 p.m., Wesley from Defendant's office contacted Plaintiff via email and stated that the deficiencies articulated in the March 7, 2026 email were incorrect. A true and correct copy of the March 10, 2026 email correspondence is attached hereto as Exhibit "B".

24.    The March 10, 2026 email stated that the only deficiencies were that unredacted versions of the 2022 and 2023 tax returns were not submitted. *See id*.

25.    Because Defendant's office went from alleging deficiencies in tax records for 2021, 2022, 2023 and 2024 to now alleging deficiencies in the 2022 and 2023 tax returns, Plaintiff emailed Defendant's office on March 11, 2026 requesting clarification. A true and correct copy of the March 11, 2026 email correspondence is attached hereto as Exhibit "B".

26.    On March 12, 2026 at 10:05 a.m., Wesley from Defendant's office responded to

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Plaintiff with the list of deficiencies contained in Defendant's March 7, 2026 email. A true and correct copy of Defendant's March 12, 2026 email correspondence is attached hereto as Exhibit "B".

27.     With only two (2) business days left before the March 16, 2026 deadline, Plaintiff was unable to obtain any clear explanation from Defendant regarding the alleged deficiencies in his tax returns and, instead, had received contradictory emails from Defendant's office.

28.     Five minutes later, on March 12, 2026 at 10:10 a.m., Plaintiff again requested clarification from Defendant's office as to the specific defects with the tax returns. A true and correct copy of Plaintiff's March 12, 2026 email correspondence is attached hereto as Exhibit "B".

29.     Defendant's office did not respond until the following day, leaving Plaintiff with approximately one and a half business days to cure the purported defects with the tax returns.

30.     On March 13, 2026 at 10:46 a.m., Wesley from Defendant's office finally identified what the Secretary of State's Office specifically contended constituted deficiencies with Plaintiff's tax records.

31.     On March 13, 2026, Plaintiff's campaign team prepared and sent the cured tax filings to Defendant's office via FedEx Overnight delivery from Plaintiff's office in Santa Barbara to Defendant's office in Sacramento.

32.     Because March 14, 2026 and March 15, 2026 were Saturday and Sunday, respectively, Defendant's office was not available to receive delivery of the cured tax returns until March 16, 2026 at 9:17 a.m.

33.     On March 16, 2026 at 4:50 p.m. – approximately 7.5 hours after Defendant's office had received delivery of the cured tax returns – Wesley from Defendant's office contacted Plaintiff via email identifying additional deficiencies.  A true and correct copy of Defendant's March 16, 2026 email correspondence is attached hereto as Exhibit "B".

34.     Defendant's office's email dated March 16, 2026 at 4:50 p.m. further required Plaintiff to "resubmit corrected copies to the Election Division **no later than 5:00 p.m. on Monday, March 16**." *Id*. (emphasis added).

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

35. The ten-minute deadline imposed by Defendant was objectively unreasonable and impossible for Plaintiff to meet. Within that extraordinarily compressed timeframe, Plaintiff could not reasonably review the alleged deficiencies, consult with advisors, gather and verify responsive materials, and submit the requested documentation. The deadline thus operated not as a meaningful opportunity to cure, but as a functional denial of any opportunity to be granted access to the California gubernatorial ballot.

36. Although the deadline of March 16, 2026 at 5:00 p.m. is governed by statute, upon information and belief, Defendant knew that creating confusion, delaying responses to Plaintiff, and changing the alleged deficiencies with the tax returns would likely result in Plaintiff missing the opportunity to secure ballot access. *See* California Elections Code § 8903.

37. Even more concerning, when Plaintiff examined the deficiencies in the March 16, 2026 email from Defendant's office, it became clear that the purported defects lacked any basis in the governing statute and were premised on mischaracterizations of Plaintiff's submissions, demonstrating the fundamentally arbitrary manner in which Defendant evaluated Plaintiff's nomination paperwork.

38. Specifically, Defendant claimed that the redacted and unredacted 2022 tax returns were not identical with respect to Schedule C Box C; however, Defendant's contention is incorrect, as Plaintiff demonstrated to Defendant's office via email. A true and correct copy of Plaintiff's March 16, 2026 email correspondence is attached hereto as Exhibit "B".

39. Defendant also contended that the submitted tax returns failed to comply with the redaction requirements set forth in California Elections Code § 8903; however, Defendant's position is undermined by Defendant's own inconsistent application of the statute.

40. Defendant is required by law to review redacted copies of the tax returns to ensure that the candidate has redacted the required information, which includes, but is not limited to, home addresses and telephone numbers. *See* California Elections Code § 8903(b). *See also* California Elections Code § 8903(a)(1)(B).

41. Redacted versions of a candidate's tax returns are made publicly available on the Defendant's office's website. *See* California Elections Code § 8903(c)(1).

7

VERIFIED COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF

42. A review of Defendant's office's website reveals that Defendant has permitted other candidates, such as Thomas Woodard, to submit and have published tax returns that are not properly redacted in accordance with California Elections Code § 8903(a)(1)(B). *See* Tom Woodard 2021 Tax Return, Cal. Sec'y of State, https://elections.cdn.sos.ca.gov/statewide-elections/2026-primary/woodard-2021.pdf. *See also* Tom Woodard 2022 Tax Return, Cal. Sec'y of State, https://elections.cdn.sos.ca.gov/statewide-elections/2026-primary/woodard-2022.pdf. *Compare* Exhibit "A".

43. In Plaintiff's case, Defendant claimed that Plaintiff's phone number was not redacted as required by California Elections Code § 8903(a)(1)(B), but Plaintiff provided evidence demonstrating that Defendant was, once again, incorrect and that the phone number was properly redacted. *See id*.

44. Clearly, other candidates were permitted to proceed without correction or objection of their filings and were published by Defendant's office without the same scrutiny directed at Plaintiff. This disparate treatment reflects an arbitrary and uneven application of the asserted requirements, undermining Defendant's position that Plaintiff's filings were uniquely deficient.

45. Plaintiff filed a Verified Petition for Writ of Mandate and Injunctive Relief on March 19, 2026 in the California Superior Court in Sacramento. Notably, during the hearing on March 26, 2026, counsel for Defendant conceded that the Secretary of State's office had received full and complete tax returns from Plaintiff before the March 16, 2026 deadline: "And even if that was accurate that by the 16th there's a morass of documents that may include the actual filings, which we don't know what those would be, he still failed to comply with the statutory obligation to have identical copies on file by the 6th of March." *See* Transcript of Hearing at 12:20-24, *Ware v. Weber*, No. 26WM000074 (Cal. Super. Ct. Sacramento Mar. 26, 2026).

46. To date, and despite the fact that on March 17, 2026 Plaintiff provided Defendant with yet another round of redacted and unredacted tax returns, Defendant has refused to accept Plaintiff's nomination paperwork.

47. The June 2, 2026 Gubernatorial Primary Election is less than two months away, and the Secretary of State is scheduled to mail the Voter Information Guide, which will include

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

information on all candidates named on the ballot, between April 23, 2026 and May 12, 2026. As such, time is of the essence. Candidates and voters will suffer immediate and irreparable harm if Defendant is not enjoined from enforcing California Elections Code §§ 8902 and 8903.

## COUNT I

### 42 U.S.C. § 1983 – Violation of First and Fourteenth Amendments

48.    Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

49.    The First Amendment to the United States Constitution protects the rights of candidates and voters to participate in the electoral process free from unjustified government burdens. U.S. Const. amend. I.

50.    Under the First and Fourteenth Amendments, this Court balances the character and magnitude of the injury to the constitutional right against "the precise interests put forward by the State as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights." *Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

51.    Where the burden on the right is severe, strict scrutiny applies, meaning that it cannot pass constitutional muster unless it is narrowly tailored to advance a compelling state interest. *See De La Fuente v. Padilla*, 930 F.3d 1101, 1105 (9th Cir. 2019), *citing Norman v. Reed*, 502 U.S. 279, 289, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992).

52.    Defendant's conduct as described above is intended to and does restrict candidates' (including Plaintiff's) access to the ballot.

53.    California Elections Code §§ 8902 and 8903 impose a severe burden on Plaintiff's First and Fourteenth Amendment rights by conditioning participating in a primary election on the disclosure of highly personal financial information as a prerequisite to ballot access.

54.    Defendant cannot proffer a compelling state interest sufficient to justify the severe burden imposed by California Elections Code §§ 8902 and 8903, and therefore Defendant's enforcement of those provisions unduly burdens Plaintiff's First and Fourteenth Amendment rights under the Anderson-Burdick balancing framework.

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

55.   Defendant's purported interest in "informing voters" does not justify a mandatory disclosure requirement that operates as a condition of ballot access. Where a candidate refuses disclosure, the remedy lies with the voters at the ballot box, not with government exclusion. *See Patterson v. Padilla*, *supra*.

56.   California Elections Code §§ 8902 and 8903 violate the First and Fourteenth Amendments to the United States Constitution as applied to Plaintiff and facially. Accordingly, Plaintiff is entitled to a judgment declaring Defendant's interpretation to be in violation of the First Amendment to the United States Constitution.

## COUNT II

**42 U.S.C. § 1983 – Violation of Fourteenth Amendment Procedural Due Process**

57.   Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

58.   The Fourteenth Amendment's Due Process Clause prohibits the government from depriving a person of a protected interest through arbitrary or capricious administrative action.

59.   "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976), *quoting Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). *See Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914).

*60.*   Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties and afford them an opportunity to present their objections. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950).

61.   Plaintiff possesses a protected liberty interest in seeking elective office and participating in the electoral process, including the right not to be excluded from the ballot absent constitutionally adequate procedures.

62.   Defendant deprived Plaintiff of his protected liberty interests by providing shifting and inconsistent explanations regarding Plaintiff's tax returns, as included in Plaintiff's nomination paperwork.

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

63. Defendant continued depriving Plaintiff of his protected liberty interests by delaying responses to Plaintiff and even postponing additional deficiency allegations until ten minutes before the statutory deadline, leaving Plaintiff no meaningful opportunity to review, respond to, or cure the alleged issues.

64. Defendant's conduct denied Plaintiff a meaningful opportunity to cure the purported deficiencies under a consistent set of requirements, which effectively excluded Plaintiff from the ballot without notice reasonably calculated to apprise him of the alleged deficiencies in time to prevent an improper deprivation of his rights. The government must provide fair warning of the conduct that will result in the deprivation of a protected interest. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Defendant's shifting and inconsistent deficiency notices failed to provide Plaintiff with any such fair warning of the precise standards he was required to meet, rendering the disqualification constitutionally infirm regardless of the underlying facial validity of the statute.

65. Absent an order issued by this Court, Plaintiff faces deprivation of his constitutionally protected First Amendment rights without due process of law, in direct violation of the Fourteenth Amendment.

## COUNT III

### 42 U.S.C. § 1983 – Equal Protection Violation

66. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

67. The Fourteenth Amendment to the United States Constitution ensures that no state shall deny to any person equal protection of the laws. U.S. Const. amend. XIV.

68. Under the First and Fourteenth Amendments, this Court balances the character and magnitude of the injury to the constitutional right against "the precise interests put forward by the State as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights." *Burdick*, 504 U.S. at 432; *Anderson*, 460 U.S. at 789. If it is a severe burden on the right, strict scrutiny applies and the

11    VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

rule must be narrowly tailored and advance a compelling interest. *See De La Fuente*, 930 F.3d at 1105, *citing Norman*, 502 U.S. at 289.

69.     The U.S. Constitution requires that ballot access rules be applied in a manner that affords candidates a fair and meaningful opportunity to comply with applicable requirements.

70.     Defendant provided shifting and contradictory explanations regarding the alleged deficiencies in Plaintiff's tax returns, failed to articulate a consistent standard for compliance, and delayed identifying additional purported defects until ten minutes preceding the statutory deadline, thereby depriving Plaintiff of any meaningful opportunity to cure. The inconsistent application of the governing requirements resulted in disparate and unfair treatment of Plaintiff.

71.     Despite Defendant's inconsistent feedback regarding Plaintiff's submissions, Defendant permitted other similarly situated candidates to proceed with comparable filings without correction or objection, resulting in disparate treatment among similarly situated candidates.

72.     There is no rational basis for any differential treatment of Plaintiff's nomination paperwork and such differential treatment violates the Equal Protection Clause.

73.     As a result of Defendant's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has been excluded from the California gubernatorial ballot and is therefore entitled to declaratory and injunctive relief restoring his access to the ballot and preventing further enforcement of the challenged conduct.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court render judgment in his favor and grant the following relief:

**A.**     Declare that California Elections Code §§ 8902 and 8903 – which requires gubernatorial candidates to submit redacted and unredacted copies of their tax returns for the previous five years in order to qualify as a candidate to be listed on the ballot – violates the First Amendment and Fourteenth Amendment of the United States Constitution;

**B.**     Enjoin Defendant preliminarily and permanently from enforcing California Elections Code §§ 8902 and 8903;

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**C.** Compel Defendant to accept Plaintiff's nomination documents and certify Plaintiff's name as a candidate for Governor;

**D.** Award Plaintiff his costs of prosecuting this action together with reasonable attorneys' fees under 42 U.S.C. § 1988; and

**E.** Grant such further relief as this Court deems just and proper under the circumstances.

Dated: April 27, 2026                                        Respectfully submitted,

**DICKINSON WRIGHT**

*/s/ Eric. R. McDonough*
Eric R. McDonough. Esq.
California State Bar No. 193956
3579 Valley Centre Dr, Suite 100,
San Diego, CA 92130
Tel:    858-397-7412
Fax:    844-670-6009
Email: emcdonough@dickinson-wright.com

James E. Tyrrell III, Esq. (*Pro hac vice* pending)
1825 Eye Street N.W., Suite 900
Washington, D.C. 20006
Tel:    202-659-6934
Fax:    844-670-6009
Email: JTyrrell@dickinson-wright.com

*Attorneys for Plaintiff*

13        VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Docusign Envelope ID: EE83D231-4D2E-45AA-9EEA-28A7E555D9D1

<u>VERIFICATION</u>

I, RUDOLPH "BUTCH" WARE, declare that I have read the foregoing VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, and know its contents are true to my knowledge on information and belief and I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed at Santa Barbara, CA.

Dated: 4/27/2026 | 2:36 PM EDT

Signed by:

Rudolph "Butch" Ware
Plaintiff

1                                                                    VERIFICATION