UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

Rudolph "Butch" Ware,

             Petitioner,

     v.

Shirley N. Weber,

             Respondent.

No. 2:26-cv-01643-WBS-SCR

MEMORANDUM AND ORDER RE: PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

----oo0oo----

Petitioner, a would-be Green Party candidate for Governor of California, has filed a motion for temporary restraining order and preliminary injunction, in which he asks this court to order respondent to include his name on the June 2, 2026, California gubernatorial primary ballot. (Docket No. 2-1 at 6, 20.)

Petitioner commenced his ballot access challenge in state court on March 19, 2026. (Id. at 8.) A hearing was held in the matter on March 26, 2026, during which the state court

1

denied petitioner's request for relief.  (Docket No. 2-1 at 10.)  On April 8, 2026, petitioner sought a writ from the Court of Appeal for the State of California, seeking emergency relief to be placed on the state primary ballot as a gubernatorial candidate.  (Docket No. 13 at 10.)  That petition was denied on April 17, 2026.  (Id.)  Petitioner brought this action in federal court on April 27, 2026.  (See Docket No. 1.)

Petitioner requests that this court "issue a temporary restraining order directing [respondent] to include [his] name on the June 2, 2026 California gubernatorial primary ballot." (Docket No. 2-1 at 20.)  As respondent points out, however, individuals may begin voting for governor long before that date.

For example, Cal. Elec. Code §§ 3105(b) and 3114(a) provide that election officials must have completed transmitting ballots to military and overseas voters no later than 45 days before the election, here, April 18, 2026.  There is no telling how many of those ballots had already been received and processed well before petitioner filed this action.  If this court were to grant petitioner's relief, those completed ballots might have to be stricken or otherwise invalidated and subsequently re-issued.

Further, election officials are required to begin mailing each active, registered voter in the state a "vote by mail" ballot no later than 29 days before the election, here, May 4, 2026.  Cal. Elec. Code § 3000.5(a).  Those ballots may be dropped off by voters as early as the next day.  Id. § 3025.5(b). Again, there is no telling how many of those ballots have already been received and processed.

2

It is thus apparent at this juncture that, contrary to petitioner's depiction, the 2026 California gubernatorial election has already begun.  The Ninth Circuit has spoken to this precise circumstance, stating that "[i]nterference with impending elections is extraordinary, and interference with an election after voting has begun is unprecedented."  Sw. Voter Registration Educ. Project v. Shelley, 344 F. 3d 914, 919 (9th Cir. 2003) (citation omitted).  Indeed, if the court were to now order petitioner added to the gubernatorial ballot, "it is certain that the state of California and its citizens will suffer material hardship by virtue of the enormous resources already invested in reliance on the election's proceeding."  Id.  Of most concern, "citizens who have already cast a vote will effectively be told that the vote does not count and that they must vote again."  Id.

Alternatively, ordering respondent to include petitioner's name only on ballots issued after a certain date would amount to creating two, different sets of ballots, all but ensuring a "chaotic and disruptive effect upon the electoral process."  Benisek v. Lamone, 585 U.S. 155, 161 (2018) (citation modified).  To avoid creating such a result, "the Supreme Court has declined to order the printing of new ballots at a late date even where the existing ballots were held to have unconstitutionally excluded certain candidates."  Feldman v. Arizona Sec'y of State's Off., 843 F.3d 366, 376 (9th Cir. 2016) (quotations omitted).

Because the state's "machinery" for the gubernatorial election is "already in progress," "equitable considerations"

prevent granting petitioner's requested injunctive relief.
Reynolds v. Sims, 377 U.S. 533, 585 (1964); see also Serv. Emps.
Int'l Union Loc. 1 v. Husted, 698 F.3d 341, 345 (6th Cir. 2012)
("[L]ast-minute injunctions changing election procedures are
strongly disfavored."). "[T]he status quo that existed" before
petitioner filed the instant motion "cannot be restored" by
ordering him added to the ballot "because th[e] election has
already begun." Shelley, 344 F. 3d at 919.

IT IS THEREFORE ORDERED that petitioner's motion for a
temporary restraining order and preliminary injunction (Docket
No. 2) be, and the same hereby is, DENIED.

Dated:  May 11, 2026

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE