ROB BONTA, State Bar No. 202668
Attorney General of California
LARA HADDAD, State Bar No. 319630
Supervising Deputy Attorney General
JOSEPH H. MEEKER, State Bar No. 336725
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6502
 Fax:  (916) 731-2124
 E-mail:  Joe.Meeker@doj.ca.gov
*Attorneys for Defendant*
*California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **RUDOLPH "BUTCH" WARE,**<br><br>Plaintiff,<br><br>v.<br><br>**SHIRLEY N. WEBER, in her official capacity as California Secretary of State,**<br><br>Defendant. | 2:26-cv-01643-WBS-SCR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]**<br><br>Courtroom:  5<br>Date:       August 3, 2026<br>Time:       1:30 p.m.<br>Judge:      Hon. William B. Shubb |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, August 3, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable William B. Shubb in Courtroom 5 of the above-entitled Court, located at 501 I Street, Sacramento, California, 95814, Defendant California Secretary of State Shirley N. Weber will, and hereby does, move the Court for an Order dismissing Plaintiff Rudolph "Butch" Ware's Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, dismissing the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, Plaintiff's complaint, documents incorporated by reference or subject to judicial notice, and any other materials presented at the time of the hearing.

Dated:  June 1, 2026

Respectfully submitted,
ROB BONTA
Attorney General of California
LARA HADDAD
Supervising Deputy Attorney General

/s/ Joe Meeker
JOSEPH H. MEEKER
Deputy Attorney General
*Attorneys for Defendant*
*California Secretary of State*

**TABLE OF CONTENTS**

**Page**

Introduction .................................................................................................................. 1

Background .................................................................................................................. 1

    I.    California's Tax Return Disclosure Requirement .................................. 1

    II.    Plaintiff's Failed Attempts to Comply with the Disclosure Requirement ............. 3

Procedural History ....................................................................................................... 3

Legal Standard ............................................................................................................. 4

Argument ..................................................................................................................... 5

    I.    No Case or Controversy Remains Between the Parties, so the Case Must be Dismissed for Lack of Jurisdiction .................................................. 5

        A.    Plaintiff Cannot be Placed on the Primary Election Ballot, so the Case is Moot................................................................................. 5

        B.    Any Challenge to the Disclosure Requirement Based on Plaintiff's Status as a Candidate in 2030 is not yet Ripe ............................. 8

    II.    Plaintiff Fails to State any Claims for Relief. ....................................... 9

        A.    California's Tax Return Disclosure Requirement Does Not Impermissibly Burden Plaintiff's Right to Participate in the Electoral Process. ............................................................................. 9

        B.    Plaintiff has No Due Process Rights in his Candidacy for State Office.......................................................................................... 13

        C.    Plaintiff Fails to Allege Facts Demonstrating Intentional Discrimination, Dooming his Equal Protection Clause Claim. ................ 15

Conclusion ................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Akina v. Hawaii*
835 F.3d 1003 (9th Cir. 2016)............................................................................................ 6

*Anderson v. Celebrezze*
460 U.S. 780 (1983) ............................................................................................................ 9

*Ariz. Green Party v. Reagan*
838 F.3d 983 (9th Cir. 2016)......................................................................................... 6, 10

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...................................................................................................... 5, 16

*Baker v. Carr*
369 U.S. 186 (1962) ............................................................................................................ 5

*Brewster v. Board of Educ. of the Lynwood Unified Sch. Dist.*
149 F.3d 971 (9th Cir. 1998).............................................................................................. 13

*Burdick v. Takushi*
504 U.S. 428 (1992) ............................................................................................................ 9

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*
824 F.3d 1156 (9th Cir. 2016)............................................................................................. 5

*Caruso v. Yamhill County ex rel. County Com'r*
422 F.3d 848 (9th Cir. 2005)........................................................................................ 12, 13

*Chandler v. State Farm Mut. Auto. Ins. Co.*
598 F.3d 1115 (9th Cir. 2010)............................................................................................. 5

*City of Erie v. Pap's A.M.*
529 U.S. 277 (2000) ............................................................................................................ 6

*Clinton v. Acequia, Inc.*
94 F.3d 568 (9th Cir. 1996)................................................................................................. 8

*Colwell v. Dep't of Health & Human Servs.*
558 F.3d 1112 (9th Cir. 2009)......................................................................................... 8, 9

*De La Fuente v. Padilla*
930 F.3d 1101 (9th Cir. 2019).............................................................................. 9, 10, 11, 12

*DeFunis v. Odegaard*
416 U.S. 312 (1974) ............................................................................................................ 5

**TABLE OF AUTHORITIES**
(continued)

Page

*FEC v. Wis. Right to Life, Inc.*
551 U.S. 449 (2007) .................................................................................................... 6, 7

*Gemtel Corp. v. Cmty. Redevelopment Agency*
23 F.3d 1542 (9th Cir. 1994) .......................................................................................... 5

*Green Party of Georgia v. Kemp*
171 F. Supp. 3d 1340 (N.D. Ga. 2016) ........................................................................ 10

*Griffin v. Padilla*
408 F. Supp. 3d 1169 (E.D. Cal. 2019) .................................................................. 11, 12

*Jennerjahn v. City of Los Angeles*
No. 215CV263JFWGJS, 2016 WL 1358950 (C.D. Cal. Mar. 15, 2016) ..................... 14

*Jenness v. Fortson*
403 U.S. 431 (1971) ...................................................................................................... 11

*Khan v. City of Lodi*
No. 2:23-cv-00566-DAD-KJN, 2023 WL 2728915 (E.D. Cal. Mar. 31, 2023) ..................... 14

*Leite v. Crane Co.*
749 F.3d 1117 (9th Cir. 2014) ......................................................................................... 5

*Matter of Bunker Ltd. Partnership*
820 F.2d 308 (9th Cir. 1987) ........................................................................................... 7

*MGIC Indem. Corp. v. Weisman*
803 F.2d 500 (9th Cir. 1986) ......................................................................................... 12

*Murphy v. Hunt*
455 U.S. 478 (1982) ......................................................................................................... 7

*N. Pacifica LLC v. City of Pacifica*
526 F.3d 478 (9th Cir. 2008) ......................................................................................... 15

*NASD Dispute Resolution, Inc. v. Jud. Council of Cal.*
488 F.3d 1065 (9th Cir. 2007) ....................................................................................... 11

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) ........................................................................................... 5

*Nordlinger v. Hahn*
505 U.S. 1 (1992) ........................................................................................................... 16

iii

**TABLE OF AUTHORITIES**
(continued)

Page

*Outdoor Media Group, Inc. v. City of Beaumont*
    506 F.3d 895 (9th Cir.2007)........................................................................... 8

*Papasan v. Allain*
    478 U.S. 265 (1986)..................................................................................... 5

*Patterson v. Padilla*
    8 Cal. 5th 220 (2019) ............................................................................. 12, 13

*Protectmarriage.com-Yes on 8 v. Bowen*
    752 F.3d 827 (9th Cir. 2014)......................................................................... 6

*Shell Offshore, Inc. v. Greenpeace, Inc.*
    815 F.3d 623 (9th Cir. 2016)......................................................................... 9

*Snowden v. Hughes*
    321 U.S. 1 (1944)......................................................................................... 14

*U.S. v. Ritchie*
    342 F.3d 903 (9th Cir. 2003)......................................................................... 5

*United States Parole Comm'n v. Geraghty*
    445 U.S. 388 (1980) ..................................................................................... 6

*Velez v. Levy*
    401 F.3d 75 (2d Cir. 2005)........................................................................... 14

*Vill. of Willowbrook v. Olech*
    528 U.S. 562 (2000)..................................................................................... 15

*Ware v. The Superior Court of Sacramento County*
    No. C106053 (Cal. Ct. of App., 3d Dist. Apr. 8, 2026) ........................... 3, 4

iv

**TABLE OF AUTHORITIES**
(continued)

**Page**

**STATUTES**

California Elections Code
§ 8020(a) .............................................................................................................. 2
§ 8020(a)(1)........................................................................................................... 1
§ 8020(a)(2)........................................................................................................... 1
§ 8103(a) .............................................................................................................. 1
§ 8120.................................................................................................................... 4
§ 8900............................................................................................................. 2, 12
§ 8902.......................................................................................................... 2, 3, 8
§ 8902(a) .............................................................................................................. 2
§ 8902(a-c) ........................................................................................................... 2
§ 8902(b).............................................................................................................. 2
§ 8902(c) ......................................................................................................... 2, 10
§ 8903............................................................................................................ 2, 3, 8
§ 8903(a)(1)(A) .................................................................................................... 2
§ 8903(b) .............................................................................................................. 2

**CONSTITUTIONAL PROVISIONS**

California Constitution Article II
§ 5(c) ................................................................................................................... 13

United States Constitution First Amendment ................................................... 4, 7, 9, 13

United States Constitution Fourteenth Amendment .......................................... 4, 7, 9, 13

**COURT RULES**

Federal Rule of Civil Procedure
12(b)(1) ........................................................................................................... 4, 5
12(b)(6) ........................................................................................................... 4, 5

Federal Rule of Evidence
Rule 201 .............................................................................................................. 12

**OTHER AUTHORITIES**

California Secretary of State, *Certified List of Candidates for the June 2, 2026, Primary Election* (Mar. 26, 2026), *available at* https://elections.cdn.sos.ca.gov/statewide-elections/2026-primary/cert-list-candidates.pdf.......................................................................................................... 12

Defendant's Motion to Dismiss [Fed. R. Civ. P. 12(b)(1) and 12(b)(6)] (2:26-cv-01643-WBS-SCR)

**INTRODUCTION**

California law provides that candidates for Governor who wish to be placed on a state primary ballot must submit copies of their federal tax returns to the California Secretary of State. Plaintiff Rudolph "Butch" Ware, a candidate for Governor, did not properly comply with the disclosure requirement, so he was excluded from the ballot for the June 2, 2026, statewide primary election. Plaintiff subsequently filed this lawsuit, seeking a Temporary Restraining Order directing the Secretary to certify Plaintiff as a candidate. This Court denied Plaintiff's request on the ground that the election was already underway.

Because this Court has made clear that Plaintiff cannot receive the relief that he seeks in his suit, this case should be dismissed as moot. It is too late for Plaintiff's name to be placed on the ballot, and he has already been certified as a write in candidate. By the time this case reaches its conclusion, the June 2, 2026 primary election will have long since concluded. Accordingly, Plaintiff no longer has a personal stake in the constitutional issues raised in his complaint, and this Court cannot grant him relief, so the case is moot. And to the extent that Plaintiff wishes to challenge the disclosure requirement based on his potential status as a candidate in a future election, that claim is not ripe.

But even if Plaintiff's complaint is considered on the merits, the complaint must be dismissed for failure to state a claim. Plaintiff's *Anderson/Burdick* and due process claims fail as a matter of law, and Plaintiff has failed to allege facts to support an equal protection claim. Accordingly, this Court should dismiss the complaint in its entirety, without leave to amend.

**BACKGROUND**

**I.    CALIFORNIA'S TAX RETURN DISCLOSURE REQUIREMENT**

The California Elections Code requires candidates seeking ballot access to submit certain specified materials to election officials. These materials include, but are not limited to, a completed declaration of candidacy form, *see* § 8020(a)(1),[1] nomination papers, *see* § 8020(a)(2), and a filing fee (or signatures in lieu of a filing fee), *see* § 8103(a), all of which must be submitted to the county elections official of the county where the candidate resides. If a candidate does not

---

[1] All statutory citations are to the California Elections Code except where noted.

1

submit these materials, their name "shall not be printed on the ballot to be used at the direct primary[.]" § 8020(a).

Pursuant to Section 8902 of the Elections Code, candidates for Governor must also submit two hard copies of every income tax return filed with the Internal Revenue Service (IRS) in the five most recent taxable years directly to the California Secretary of State, subject to certain exceptions.[2] § 8902(a-c). Section 8903 further provides that candidates must submit two copies of their returns, one of which must have certain redactions. § 8903(a)(1)(A). Other than the redactions, the two copies must otherwise be identical to the copies submitted to the IRS. *Id.*

If a candidate does not submit the required returns to the Secretary's office at least 88 days before the election, their name "shall not be printed on a ballot[.]" § 8902(a). Candidates who submit returns that are improperly redacted may submit corrected copies at least 78 days before the election. § 8903(b). If a candidate is required to provide corrected tax returns and fails to timely do so, their name may not be placed on the ballot. *Id.*

The tax return disclosure requirement is a transparency measure that allows voters to better understand their choices for Governor, as the Legislature declared in its findings when it enacted the requirement, found in Section 8900:

> [I]ncome tax returns of candidates for Governor provide voters with essential information regarding the candidate's potential conflicts of interest, business dealings, financial status, and charitable donations. The information in tax returns therefore helps voters to make a more informed decision. . . . The people of California can better estimate the risks of any given candidate for Governor engaging in corruption or the appearance of corruption if they have access to candidates' tax returns.

California will hold a gubernatorial primary election on June 2, 2026. For the June 2, 2026, Primary Election (the "Primary Election"), the deadline for candidates for Governor to submit their tax returns to the Secretary was March 6, 2026, and the deadline to cure a deficient initial submission was March 16.

//

---

[2] Specifically, Section 8902 does not require a candidate to submit a copy of their income tax return for any year in which the candidate was not required to file a return with the Internal Revenue Service, § 8902(c), and it establishes a different submission deadline "for the tax year immediately preceding the election" where the candidate has not yet filed their return with the Internal Revenue Service, § 8902(b).

2

## II.    PLAINTIFF'S FAILED ATTEMPTS TO COMPLY WITH THE DISCLOSURE REQUIREMENT

Plaintiff, a candidate for Governor, timely submitted a set of tax returns to the Secretary on or about March 5, 2026. Pl's. Cmplt., ¶ 18. On March 7, the Secretary notified Plaintiff by email that new tax returns were required because the sets he provided did not match or were altogether missing. *Id.* at ¶¶ 21-22. On March 10, the Secretary sent Plaintiff an additional email clarifying that he had not submitted the required unredacted returns for the 2022 and 2023 tax years. *Id.* at ¶ 24. On March 11, Plaintiff requested clarification by email as to what corrections were required. *Id*. at ¶ 25. The next morning, March 12, the Secretary responded to Plaintiff reiterating the deficiencies contained in the Secretary's March 7 email. *Id.* at ¶ 26. Plaintiff sent an additional email requesting clarification, and the Secretary responded in approximately 24 hours. *Id.* ¶ 28, 30.

On March 16, the final day of the cure period, the Secretary received delivery of Plaintiff's tax returns. *See id.*, ¶ 32. Later that same day, the Secretary notified Plaintiff via email of deficiencies identified in the "cured" filings and directing Plaintiff to submit corrected copies to the Secretary by 5:00 p.m. that day, the statutory deadline. *Id.*, ¶¶ 33-34, 36. Plaintiff did not submit a second set of identical returns by his deadline to do so. *See id.*, ¶ 46.

Due to Plaintiff's failure to comply with the disclosure requirements, his name was not printed on the ballot.

## PROCEDURAL HISTORY

On March 19, 2026, Plaintiff filed a petition for writ of mandate in Sacramento County Superior Court, contending that he had complied with Sections 8902 and 8903 and that the tax return disclosure requirement amounted to an unconstitutional additional "qualification" to serve as Governor that went beyond the qualifications for the office enumerated in the California Constitution. *See Ware v. Weber*, case no. 26WM000074 (Sac. Cty. Sup. Ct. Mar. 19, 2026). The court denied the petition following a hearing on March 26, 2026. Later that same day, March 26, the Secretary certified the official list of candidates for Governor, in addition to the other state

offices, and transmitted the list to county officials across the state, as required by § 8120. Plaintiff was not included on that list.

On April 8, 2026, Plaintiff sought a writ from the Court of Appeal for the State of California, seeking emergency relief to be placed on the state primary ballot as a gubernatorial candidate. *See Ware v. The Superior Court of Sacramento County*, case no. C106053 (Cal. Ct. of App., 3d Dist. Apr. 8, 2026). The Court of Appeal denied the petition on April 17, 2026. *Id*. (Apr. 17, 2026).

On April 27, 2026, Plaintiff filed this lawsuit alleging that California's tax return disclosure requirement, as well as the Secretary's application of the requirement to Plaintiff, violated his rights under the U.S. Constitution. *See* Dkt. 1. Specifically, Plaintiff alleges that 1) the tax return disclosure requirement is unconstitutional both facially and as applied to Plaintiff under the *Anderson/Burdick* balancing test because it impermissibly burdens candidates' First and Fourteenth Amendment rights to participate in the electoral process, *see* Pl's. Cmplt., ¶ 56 (hereinafter Plaintiff's "*Anderson/Burdick* claim"); 2) the Secretary did not give Plaintiff an adequate opportunity to cure his submissions, in violation of the Due Process Clause, *see id.*, ¶¶ 63-64; and 3) the Secretary treated Plaintiff less favorably than other candidates who made similar errors, in violation of the Equal Protection Clause, *see id.*, ¶¶ 71-72. Plaintiff contemporaneously filed a motion for a temporary restraining order and preliminary injunction, seeking an order directing the Secretary to include Plaintiff's name on the Primary Election ballot. *See* Dkt. 2-1. Following briefing, this Court denied Plaintiff's motion on May 11, 2026, concluding that equitable considerations "prevent granting petitioner's requested injunctive relief" in light of the fact that the election has already begun. Dkt. 20, at 2-3.

## LEGAL STANDARD

The Secretary moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

A complaint will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction if there is no "case or controversy" within the meaning of that constitutional term, among other

4

reasons not relevant here. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Accordingly, a motion brought pursuant to Rule 12(b)(1) may be brought to challenge a case on mootness or ripeness grounds. *See Gemtel Corp. v. Cmty. Redevelopment Agency*, 23 F.3d 1542, 1544 (9th Cir. 1994) (mootness); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (ripeness). Where, as here, the movant argues that the allegations in the complaint are insufficient on their face to establish jurisdiction, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

As for Rule 12(b)(6), a motion brought under that rule tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories*." See Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). In deciding whether a plaintiff has stated a claim, the court accepts plaintiff's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See id.* But courts need not accept "legal conclusion[s] couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court may consider documents attached to the complaint and matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## ARGUMENT

**I.    NO CASE OR CONTROVERSY REMAINS BETWEEN THE PARTIES, SO THE CASE MUST BE DISMISSED FOR LACK OF JURISDICTION**

**A.    Plaintiff Cannot be Placed on the Primary Election Ballot, so the Case is Moot.**

The inability to review moot cases derives from Article III's requirement that a "case or controversy" exists between the parties. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). "A

5

case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

Here, Plaintiff no longer has a personal stake in the outcome of the claims in this suit. The Primary Election that is the subject of Plaintiff's complaint will conclude the day after this motion is submitted. Because the Primary Election will have "come and gone" by the time this case proceeds past the pleadings stage, "all specific demands for relief related to the [primary] election are moot." *Ariz. Green Party v. Reagan*, 838 F.3d 983, 987 (9th Cir. 2016). Plaintiff brought this case because he sought to be added as candidate to the ballot for the Primary Election. As this Court made clear in its order denying Plaintiff's request for a TRO, he can no longer receive that relief. Thus, even if Plaintiff desires to press this case with the goal of invalidating California's tax return disclosure requirement, he lacks a personal stake in the resolution of that issue. Any relief would apply to future candidates in future elections, and it would not remedy the harm that Plaintiff alleges in his complaint. Accordingly, this case should be dismissed as moot.

Nor is this a situation like those where courts have allowed claims challenging election laws to proceed past the date of the relevant election, "notwithstanding the named plaintiff's current lack of a personal stake," where the issue is "capable of repetition, yet evading review." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980). Notably, this exception is applied "sparingly," *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836-37 (9th Cir. 2014), and "is reserved for extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (internal quotation marks omitted).

The exception does not apply here. Any future candidates who wish to challenge the constitutionality of the tax return disclosure requirement will have ample opportunity to do so in advance of the next gubernatorial election, which takes place in 2030. Such a challenge could be made well in advance of the disclosure deadline, as the decision of whether to run and be subject to the requirement is within the candidate's own control. *Cf. FEC v. Wis. Right to Life, Inc.*, 551

6

U.S. 449, 462 (2007) (concluding that two years was inadequate time to litigate advertising bans because plaintiff "had no way of knowing well in advance that it would want to run ads" on specific issues during a future blackout period.) Accordingly, the issues raised by plaintiff's facial *Anderson/Burdick* challenge to the disclosure requirement could be taken up by a future plaintiff with a personal stake in the claim. The "capable of repetition yet evading review" exception "was designed to apply to situations where the type of injury involved inherently precludes judicial review," *Matter of Bunker Ltd. Partnership*, 820 F.2d 308, 311 (9th Cir. 1987), which is not the case here.

Plaintiff has also not shown that his alleged harms are capable of repetition, as he has not shown that "the same complaining party will be subject to the same action" from the Secretary in the future. *See FEC*, 551 U.S. at 462. Although Plaintiff will have to comply with the tax return disclosure requirement if he decides to run for Governor in a future election, Plaintiff makes no allegations in his complaint that he actually plans to do so. *Cf. id.* at 463 (plaintiff "credibly claimed" that it planned to run similar advertisements in the future.) His complaint, and this case, focus on how the disclosure requirement affected his run in 2026—not how it may affect a run in 2030 or beyond.

But even if Plaintiff could demonstrate a credible intention to run in 2030, that would, at most, save from mootness his facial challenge that the disclosure statute impermissibly burdens candidates' First and Fourteenth Amendment rights to participate in the electoral process. The "capable of repetition yet evading review" exception plainly does not apply to Plaintiff's as-applied due process and equal protection claims based on the Secretary's alleged failure to provide Plaintiff with adequate process in resolving Plaintiff's error-laden submissions and the alleged unequal treatment of his candidacy. Those claims are fact-specific claims concerning allegations about how the Secretary treated his returns and candidacy in this election cycle. Plaintiff has not, and cannot, credibly allege any facts to demonstrate a reasonable expectation that the events giving rise to those claims will occur again in a future election. Any allegation Plaintiff could make to that end would be purely speculative, and a "mere physical or theoretical possibility" that a similar situation may recur is insufficient. *Murphy v. Hunt*, 455 U.S. 478, 482

7

(1982). And in any event, Plaintiff seeks no prospective relief related to his due process and equal protection claims. Other than Plaintiff's now-mooted request to be certified as a candidate for the Primary Election (and a request for costs), the only remaining relief that Plaintiff seeks is to invalidate Sections 8902 and 8903 and enjoin the Secretary from enforcing them. *See* Pl's. Cmplt, at 12-13 (Request for Relief ¶¶ A-D). Plaintiff's complaint, and this court's order denying Plaintiff's request for preliminary injunctive relief, show that there no relief available to Plaintiff to remedy his due process and equal protection claims. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir.2007) (noting that a case is moot if there is no "present controversy as to which effective relief can be granted."). Thus, even if this Court determines that the "capable of repetition yet evading review" exception applies to Plaintiff's facial *Anderson/Burdick* challenge to the tax return disclosure requirement, it should dismiss his equal protection and due process claims as moot.

**B.   Any Challenge to the Disclosure Requirement Based on Plaintiff's Status as a Candidate in 2030 is not yet Ripe**

For the reasons explained above, all of Plaintiff's claims based on the 2026 election are moot, and the "capable of repetition yet evading review" exception does not apply to those claims. And he does not make any allegations concerning how the disclosure requirement may affect him in future elections. But to the extent that Plaintiff now contends that his facial *Anderson/Burdick* claim challenging the disclosure requirement can be maintained based on his status as a potential gubernatorial candidate in 2030, that claim is not ripe. Ripeness is satisfied where the plaintiff's "stake in the legal issues is concrete rather than abstract." *Colwell v. Dep't of Health & Human Servs*., 558 F.3d 1112, 1123 (9th Cir. 2009). And "a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." *Clinton v. Acequia, Inc*., 94 F.3d 568, 572 (9th Cir. 1996).

Here, any challenge to the disclosure requirement based on the notion that Plaintiff may be subject to it in the 2030 election is premature, as it depends on a future contingency: specifically, whether Plaintiff will, fact, run as a candidate in the future. Plaintiff alleges no facts about a future election, and he cannot credibly allege that his plans are sufficiently definite that his

8

personal stake in the conduct of that election is "concrete rather than abstract." *See Colwell*, 558 F.3d at 1123. Accordingly, if Plaintiff means to challenge the disclosure requirement on the basis of how it may affect him in future elections, that challenge is not yet ripe for review.

## II.    PLAINTIFF FAILS TO STATE ANY CLAIMS FOR RELIEF.

Because this case has been mooted by the denial of Plaintiff's request for preliminary injunctive relief and the imminent completion of the Primary Election, this Court should dismiss the case without reaching the merits. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016) ("We first address, as we must, the question of mootness before we can consider the substance of the parties' contentions."). But Plaintiff's claims also fail on the merits. His facial *Anderson/Burdick* challenge and his procedural due process claim both fail as a matter of law. As for Plaintiff's equal protection claim, Plaintiff has not pleaded facts to show that he was intentionally discriminated against—nor can he. Accordingly, all three claims should be dismissed for failure to state a claim, without leave to amend the complaint.

### A.    California's Tax Return Disclosure Requirement Does Not Impermissibly Burden Plaintiff's Right to Participate in the Electoral Process.

Plaintiff contends that the tax return disclosure requirement imposes a "severe burden" on his rights under the First and Fourteenth Amendments to participate in the electoral process. Pl's. Cmplt., ¶ 53. He makes his claim using the balancing test established in *Burdick v. Takushi*, 504 U.S. 428, 434 (1992), and *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). Under the *Anderson/Burdick* framework, courts consider challenges to ballot access laws on a sliding scale, where "the more severe the burden imposed, the more exacting [the] scrutiny; the less severe, the more relaxed [the] scrutiny." *De La Fuente v. Padilla*, 930 F.3d 1101, 1105 (9th Cir. 2019). Severe burdens are subject to strict scrutiny, which means that the burden must be narrowly tailored to advance a compelling state interest. *See id.* But if a ballot access law imposes only a minimal burden on candidates, the law passes constitutional muster so long as it "reasonably advance[s] important interests." *Id.* (internal quotation marks omitted).

In deciding whether a burden is severe, courts do not consider the individual burden upon a single candidate who might not receive ballot access, but rather the burden imposed by the

9

"overall scheme"—which is to say, across candidates and parties. *See id.* Thus, the fact that a candidate's failure to comply with a ballot access law led to that candidate's exclusion from the ballot does not mean that the burden imposed by the law is severe. *Id.* ("Although De La Fuente argues that his individual burden is severe because he might not appear on the ballot, California's overall scheme does not significantly impair ballot access."). Instead, to demonstrate that a burden is severe, a plaintiff must show that the ballot access law "seriously restrict[s] the availability of political opportunity." *Id*. (quoting *Ariz. Green Party v. Reagan*, 838 F.3d 983, 987–88 (9th Cir. 2016)). Put another way, whether a burden is severe turns on "whether, in light of the entire statutory scheme regulating ballot access, 'reasonably diligent' [parties] can normally gain a place on the ballot, or whether they will rarely succeed in doing so." *Ariz. Green Party*, 838 F.3d at 989 (quoting *Nader v. Brewer*, 531 F.3d 1028, 1035 (9th Cir. 2008) (alterations in original)).

With that backdrop in mind, Plaintiff's claim fails as a matter of law because the tax return disclosure requirement does not seriously restrict the availability of political opportunity. Plaintiff makes no allegations to demonstrate that the requirement prevents "reasonably diligent" parties and candidates from gaining access to the primary ballot. Nor can he. The burden imposed by the requirement is slight: prospective candidates need only collect and submit copies of the last five years of their personal federal tax returns. Candidates do not even have to submit returns for years in which they were not required to file a return with the IRS. *See* § 8902(c). The disclosure requirements are also "generally applicable, even-handed, [and] politically neutral," which demonstrates that they are not severe burdens. *See De La Fuente*, 930 F.3d at 1106 (internal quotation marks and citation omitted). By contrast, courts have found that ballot access requirements are severe burdens where they function as categorical bars to ballot access for certain types of candidates: for example, where laws "made it virtually impossible for any party other than the Democratic and Republican parties to appear on the ballot." *Ariz. Green Party*, 838 F.3d at 989 (citing *Williams v. Rhodes*, 393 U.S. 23, 31 (1968)); *see also Green Party of Georgia v. Kemp,* 171 F. Supp. 3d 1340, 1363 (N.D. Ga. 2016) (applying strict scrutiny where ballot access signature requirements that were "substantially higher than those in most other states"

10

served to "prevent minor parties from engaging in the fundamental political activity of placing their candidate on the general election ballot"). The tax return disclosure requirement does not limit political opportunity in that way, so it does not impose a severe burden.

Nor is this case like *Griffin v. Padilla*, where a similar disclosure requirement for *presidential* candidates triggered strict scrutiny. *See* 408 F. Supp. 3d 1169, 1182 (E.D. Cal. 2019), appeal dismissed and remanded, No. 19-17000, 2019 WL 7557783 (9th Cir. Dec. 16, 2019), and vacated, No. 2:19-CV-01477-MCE-DB, 2020 WL 1442091 (E.D. Cal. Jan. 13, 2020). That case does not control the result here, both because it dealt with a separate statutory requirement and because its reasoning is not binding on this Court: district court opinions do not have binding precedential effect, *see NASD Dispute Resolution, Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007), and the Ninth Circuit never opined on the disclosure requirement. The case was also vacated as moot following resolution of related state-court proceedings, *see Griffin*, 2019 WL 7557783 (9th Cir. Dec. 16, 2019), so its persuasive value is limited.

In any event, the Secretary respectfully contends that this Court should not follow *Griffin* because the court in that case focused on the impact on individual candidates who chose not to comply with the requirement, as opposed to evaluating whether the requirement seriously restricted political opportunity across the system as a whole. Specifically, the court concluded that the burden imposed by the disclosure requirement is severe because it "amounts to a functional bar against the ability to cast an effective vote for a candidate who elects not to disclose his or her tax returns." *Griffin*, 408 F. Supp 3d at 1182. But courts, including the Ninth Circuit, have upheld ballot access requirements that are plainly more difficult to comply with than disclosing five years of tax returns: for example, a requirement to collect signatures from one percent of all registered voters in California. *See De La Fuente*, 930 F.3d at 1106; *see also Jenness v. Fortson*, 403 U.S. 431, 442 (1971) (upholding requirement that independent candidates collect signatures from five percent of the number of voters registered in the last election for the office sought). Here, the fact that a candidate will be excluded from the ballot for failing to comply with a requirement does not mean that the requirement imposes a severe burden. The actual burden of compliance with the requirement is minimal, and a candidate can easily make it onto the ballot by

11

making the proper disclosures. This is demonstrated by the fact that 61 candidates for Governor were certified to appear on the ballot, representing a wide range of parties and interests.[3] Under the logic advanced by *Griffin* and by Plaintiff here, any ballot access requirement, no matter how anodyne, would impose a "severe burden" on ballot access if a candidate could be excluded from the ballot for failing to comply with it. The disclosure requirement does not seriously restrict candidates' opportunity to make it onto the ballot, so it is not a severe burden.

Nor can Plaintiff credibly allege that the disclosure requirement, when considered in light of the overall ballot access scheme, acts as a functional bar to ballot access for himself or for any other class of candidates. Because California's tax return disclosure requirement imposes only a minimal burden on candidates, the law passes constitutional muster so long as it "reasonably advance[s] important interests." *De La Fuente*, 930 F.3d at 1105 (internal quotation marks omitted). And here, the disclosure requirement serves an important state interest in increasing transparency and allowing voters to better determine whether candidates have engaged in corruption. *See* § 8900. "The Supreme Court has consistently acknowledged states' legitimate interest in 'fostering informed and educated expressions of the popular will.'" *Caruso v. Yamhill County ex rel. County Com'r*, 422 F.3d 848, 861 (9th Cir. 2005) (quoting *Anderson*, 460 U.S. at 796); *see also De La Fuente,* 930 F.3d at 1106 (approving of restrictions "aimed at protecting the reliability and integrity of the election process."). Moreover, the tax return disclosure requirement applies equally to all candidates, "leaving no [candidate] at a political disadvantage." *See Caruso*, 422 F.3d at 861 (internal quotation marks omitted) (discussing ballot measures).

Plaintiff cites no on-point authority demonstrating that promoting transparency and informing the electorate are improper goals for a ballot access requirement. The one case Plaintiff does cite, *Patterson v. Padilla*, 8 Cal. 5th 220 (2019), is inapposite. *See* Pl's. Cmplt, ¶ 55. *Patterson* turned on the interpretation of a specific provision of the California Constitution governing the standards by which presidential candidates can be excluded from the ballot. *See*

---

[3] *See* California Secretary of State, *Certified List of Candidates for the June 2, 2026, Primary Election* (Mar. 26, 2026), *available at* https://elections.cdn.sos.ca.gov/statewide-elections/2026-primary/cert-list-candidates.pdf. In considering Defendant's motion to dismiss, the Court may take judicial notice of Certified List pursuant to Federal Rule of Evidence 201 as a matter of public record. *See MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504.

12

*Patterson*, 8 Cal. 5th at 223. Specifically, Article II, Section 5(c) mandated that the presidential primary ballot must include all "recognized candidates throughout the nation," and the California Supreme Court merely concluded that a candidate's tax returns were irrelevant to whether a candidate was recognized. *Id.* at 247-48. The case says nothing about whether transparency is a permissible interest for the purposes of an *Anderson/Burdick* challenge based on rights arising from U.S. Constitution.

Contrary to Plaintiff's argument, it is well-established that it is permissible for election regulations to "play[] a role in the process by which voters inform themselves for the exercise of the franchise." *Caruso*, 422 F.3d at 861 (quoting *Tashjian v. Republican Party*, 479 U.S. 208, 220 (1986)). The California Legislature found that the State has an interest in allowing voters to make informed choices about the candidates for Governor, and the disclosure requirement reasonably advances those interests. Accordingly, the requirement does not violate the U.S. Constitution, and Plaintiff's *Anderson/Burdick* claim should be dismissed with prejudice as a matter of law.

### B.    Plaintiff has No Due Process Rights in his Candidacy for State Office.

Plaintiff's second claim alleges that the Secretary deprived him of his opportunity to be on the ballot without the due process guaranteed to him by the Fourteenth Amendment. This claim fails because Plaintiff does not have a liberty or property interest in appearing on the ballot, so constitutional due process rights do not attach.

The Fourteenth Amendment to the United States Constitution protects individuals from the deprivation of liberty or property by the government without due process. Accordingly, to state a claim under the due process clause, a plaintiff must establish that they hold a constitutionally protected property or liberty interest to which due process rights attach. S*ee Brewster v. Board of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (describing the elements of a due process claim).

Here, Plaintiff's claim is expressly based on his "protected liberty interest in seeking elective office and participating in the electoral process." Pl's. Cmplt., ¶ 61. However, the Supreme Court has unequivocally stated that "an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process

13

clause." *Snowden v. Hughes*, 321 U.S. 1, 7 (1944). This includes the right to serve as a candidate for office. *See id.* (dismissing due process claim based on alleged denial of "the right of petitioner to be a candidate for and to be elected to public office"); *see also Jennerjahn v. City of Los Angeles,* No. 215CV263JFWGJS, 2016 WL 1358950, at *12 (C.D. Cal. Mar. 15, 2016), report and recommendation adopted, No. CV1500263JFWGJS, 2016 WL 1327555 (C.D. Cal. Apr. 5, 2016) ("Nor is there a cognizable liberty interest in pursuing or obtaining an elected position."). Courts continue to rely on *Snowden* in concluding that candidates do not have a due process right to hold state office, including this Court. *See, e.g.*, *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) ("Accordingly, we follow the Court's pronouncements on this issue, and are bound to conclude that Velez lacks a constitutionally cognizable property interest in her employment as an elected official."); *Khan v. City of Lodi*, No. 2:23-cv-00566-DAD-KJN, 2023 WL 2728915, at *4 (E.D. Cal. Mar. 31, 2023) ("As to plaintiff Shakir Khan as an individual, there is generally no property interest in an elected office."). Thus, Plaintiff's due process claim fails as a matter of law and must be dismissed with prejudice.

But even if Plaintiff did have a due process right in his candidacy, Plaintiff's own factual allegations demonstrate that the process Plaintiff received was adequate. Setting aside Plaintiff's conclusory allegations of "shifting and inconsistent deficiency notices," *see* Pl's. Cmplt., ¶ 64, the actual facts of Plaintiff's complaint demonstrate that the Secretary worked closely and expeditiously with Plaintiff to identify deficiencies in his tax returns and provided Plaintiff with the information necessary to cure the problems. Indeed, the most significant delay plaintiff identifies is the 24 hours it took the Secretary to respond to Plaintiff's March 12, 2026 email. *See id.*, ¶¶ 28-30. And although Plaintiff emphasizes the "ten-minute deadline" imposed by the Secretary for Plaintiff to submit a second set of cured returns, *see id.* at ¶ 35, that timeline was of Plaintiff's own making. By Plaintiff's own admission, he sent his "corrected" returns such that they would arrive on the final day of the cure period, *see id.* ¶ 31-32. That the "corrected" returns Plaintiff submitted contained new errors cannot be attributed to a lack of due process provided to Plaintiff.

//

14

**C.    Plaintiff Fails to Allege Facts Demonstrating Intentional Discrimination, Dooming his Equal Protection Clause Claim.**

Finally, Plaintiff alleges that the Secretary violated the Equal Protection Clause by treating his submissions differently from those of other candidates. Plaintiff fails to plead actual facts to substantiate his equal protection claim, so it must be dismissed.

Plaintiff does not allege that he was discriminated against because of his membership in a particular class or group. *See* Pl's. Cmplt., ¶¶ 69-70. Thus, although not expressly pleaded as such, Plaintiff appears to be bringing a "class of one" equal protection claim. To state a "class of one" claim, a plaintiff must allege that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000). However, a plaintiff must show that they were discriminated against intentionally, rather than accidentally or randomly. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's complaint relies on conclusory allegations of disparate treatment, including that the Secretary "permitted other similarly situated candidates to proceed [to the ballot] with comparable filings without correction or objection." Pl's. Cmplt., ¶ 71. But Plaintiff does not adequately allege facts to back up those conclusions. Plaintiff identifies only one instance of allegedly unequal treatment: specifically, Plaintiff alleges that one candidate, Thomas Woodard, did not submit properly redacted tax returns yet was allowed on the ballot. *See id.*, ¶ 42. But this does not come close to demonstrating disparate treatment. Most importantly, Plaintiff does not actually show that Woodard's submissions were deficient. Plaintiff merely links to what he alleges are copies of Woodard's submissions, and he does not actually identify what purported deficiencies are present in the linked documents, both of which *do* contain redactions. Without more specific allegations, Plaintiff's assertion that Woodard had improper redactions is an unsubstantiated legal conclusion that this Court must disregard. And even if Plaintiff could demonstrate that Woodard's submissions were deficient in some way, Plaintiff has not alleged any facts to show that Woodard's returns were deficient in the same manner as Plaintiff's. Specifically, Plaintiff's returns were ultimately rejected because he failed to provide identical

15

redacted and unredacted copies of his returns for certain tax years. *See* Pl's. Cmplt., Exhibit B, at 7. But Plaintiff has not alleged that Woodard, or any other candidate, was allowed on the ballot despite failing to file identical copies of their returns. Plaintiff has thus not alleged facts to suggest that his and Woodard's submissions were "in all relevant respects alike," as is necessary to show that Woodard and Plaintiff were similarly situated for the purposes of his equal protection claim. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

More fundamentally, Plaintiff has failed to plead any facts to demonstrate that any allegedly disparate treatment that he received was the result of intentional discrimination, as opposed to inadvertent error. The complaint's total absence of factual allegations related to other candidates' experiences and submissions—much less the Secretary's state of mind throughout the process—demonstrates that Plaintiff cannot plead "more by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (internal quotation marks and citation omitted). Nothing in Plaintiff's complaint raises a reasonable inference that the Secretary intended to treat Plaintiff less favorably than other candidates, and anything that Plaintiff could allege to the contrary would be wholly speculative. Accordingly, if the Court chooses to reach the merits of the equal protection claim, the claim should be dismissed with prejudice.

//
//
//
//
//
//
//
//
//
//
//
//

16

Defendant's Motion to Dismiss [Fed. R. Civ. P. 12(b)(1) and 12(b)(6)] (2:26-cv-01643-WBS-SCR)

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's complaint as moot and/or unripe. In the alternative, if the Court concludes that it can reach the merits of any of the claims in the Complaint, those claims should be dismissed with prejudice for failure to state a claim, without leave to amend.

Dated:  June 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
LARA HADDAD
Supervising Deputy Attorney General

/s/ Joe Meeker
JOSEPH H. MEEKER
Deputy Attorney General
*Attorneys for Defendant*
*California Secretary of State*

17

# CERTIFICATE OF SERVICE

Case Name:   **Ware v. Weber**              Case No.   **2:26-cv-01643-WBS-SCR**

I hereby certify that on <u>June 1, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 1, 2026</u>, at Los Angeles, California.


| Linda Zamora | /s/ Linda Zamora |
|:---:|:---:|
| Declarant | Signature |

SA2026302221
68485679