ROB BONTA, State Bar No. 202668
Attorney General of California
LARA HADDAD, State Bar No. 319630
Supervising Deputy Attorney General
JOSEPH H. MEEKER, State Bar No. 336725
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6502
  Fax:  (916) 731-2124
  E-mail:  Joe.Meeker@doj.ca.gov
*Attorneys for Defendant*
*California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **RUDOLPH "BUTCH" WARE,**<br><br>                                    Plaintiff,<br><br>        v.<br><br>**SHIRLEY N. WEBER, in her official capacity as California Secretary of State,**<br><br>                                    Defendant. | 2:26-cv-01643-WBS-SCR<br><br>**DEFENDANT'S REPLY SUPPORTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]**<br><br>Courtroom:    5<br>Date:            August 3, 2026<br>Time:            1:30 p.m.<br>Judge:          Hon. William B. Shubb |

## INTRODUCTION

Plaintiff Rudolph "Butch" Ware seeks to continue litigating this case despite the fact that he can receive no effective relief for his claims. This case is moot, and nothing in Plaintiff's opposition changes that conclusion. For the reasons explained in Defendant's motion and opening brief, Plaintiff's claims are based on an election that has already concluded, and they do not fall under the "capable of repetition yet evading review" exception to mootness. That exception does not categorically apply to all election cases, and the circumstances of this case counsel that the exception should not apply here. Plaintiff did not even attempt to argue that the exception should apply to his due process and equal protection claims, so those claims, at a minimum, must be dismissed. And although Plaintiff does marshal arguments for why the exception applies to his *Anderson-Burdick* challenge to the tax return disclosure requirement, those arguments are not persuasive. The disclosure requirement does not evade review because a future candidate—one with a concrete stake in the outcome of the challenge—could bring suit against the law well in advance of the next gubernatorial election. And Plaintiff provides only speculation that the disclosure requirement will apply to him again in the future, which falls short of his burden to establish that the alleged constitutional injury is capable of repetition.

Plaintiff's arguments on the merits of his claims are similarly unavailing. Although Plaintiff tries to argue that the deficiencies in his claims turn on disputed facts, the bottom line is that even taking Plaintiff's allegations as true, Plaintiff has not pleaded plausible claims for relief. Plaintiff's *Anderson-Burdick* claim fails as a matter of law because the tax return disclosure requirement does not restrict political opportunity. Plaintiff's due process claim is barred by on-point Supreme Court precedent that Plaintiff fails to distinguish. And Plaintiff's equal protection claim is based on conclusory assertions that this Court is not required to credit. Because Plaintiff's opposition demonstrates that he is unable to remedy the deficiencies in his complaint, the case should be dismissed without leave to replead.

///

///

///

1

## ARGUMENT

**I.    PLAINTIFF'S CASE IS MOOT, AND THE CAPABLE OF REPETITION YET EVADING REVIEW EXCEPTION DOES NOT APPLY TO HIS CLAIMS**

Plaintiff does not dispute that he cannot receive any relief related to the June 2, 2026, primary election at issue in this suit, as that election has now since concluded. Accordingly, Plaintiff relies solely on the "capable of repetition yet evading review" exception to mootness as a basis for continuing this suit. The Secretary explained why this exception does not apply to Plaintiff's claims in her opening brief, *see* Dkt. 22, at 13-15,[1] and nothing in Plaintiff's opposition changes that conclusion.

Notably, Plaintiff makes no argument for why the exception applies to his due process and equal protection claims. As explained in the Secretary's opening brief, these are fact-based claims specific to the manner in which the Secretary allegedly treated Plaintiff's nominating materials for the June 2, 2026, primary. Even if Plaintiff could show that he may again someday be subject to the tax return disclosure requirement, he has not established a reasonable expectation that the allegations giving rise to his due process and equal protection claims—that the Secretary denied him adequate process by "delaying responses" to Plaintiff, Dkt. 1, ¶ 63, and treated Plaintiff less favorably than other candidates, *id.*, ¶ 71—are likely to recur. Nor can Plaintiff receive any effective relief for his due process and equal protection claims now that the election is over—a fact that Plaintiff does not dispute. Accordingly, these claims should be dismissed as moot.

Plaintiff instead argues only that the "capable of repetition yet evading review" exception applies to his *Anderson-Burdick* challenge to the "constitutionality of the disclosure requirement[.]" Dkt. 25, at 7; *see also id.* at 8. But that argument is unavailing. The "capable of repetition yet evading review" exception is applied "sparingly," *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836-37 (9th Cir. 2014), and "is reserved for *extraordinary* cases[.]" *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (emphasis added). Plaintiff has not shown that this is one of the extraordinary cases to which the exception applies. The exception does not automatically apply to every case that raises election-related claims. *See Koller v. Harris*, 312 F.

---

[1] For simplicity and consistency, citations to the docket refer to the ECF header page number, rather than the document's internal pagination, except where noted.

2

Supp. 3d 814, 824 (N.D. Cal. 2018) (declining to apply exception where plaintiff's "allegations do not establish a reasonable likelihood that Plaintiff will face the same or similar dilemma in future elections."). A plaintiff seeking to evoke the exception still must show that "(1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Akina*, 835 F.3d at 1011. Plaintiff fails to make either showing here.

As for the first prong, Plaintiff has not shown that a future challenge to the tax return disclosure requirement would evade judicial review. To meet this prong, the underlying action must be "almost certain to run its course before either [the Ninth Circuit] or the Supreme Court can give the case full consideration." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 787 (9th Cir. 2012) (internal quotation marks omitted). As Plaintiff notes, Courts often apply the exception to election cases because of the tight timelines surrounding an election. *See* Dkt. 25, at 7. But unlike the cases where the Ninth Circuit and Supreme Court have applied the exception, the timeline here is not necessarily compressed. That's because any future candidate who wishes to challenge the disclosure requirement can do so *before* they submit their nominating papers. Although Plaintiff argues that "a candidate cannot know he will be excluded from the ballot until the Secretary rejects his submission," *see id.*, there is no reason why litigation could not begin before that point: There are no facts specific to the *denial* that are relevant to a constitutional challenge of the disclosure requirement. As Plaintiff himself notes, the disclosure requirement is "a fixed feature of the Elections Code" that will affect future candidates "in identical form in 2030 and beyond." *Id.*, at 8. Future candidates know that they will be subject to the requirement (which plainly states what is entailed in order to comply) and that they will not be allowed on the ballot unless they provide their returns in compliance with those terms. Thus, there is no need to wait until the Secretary has, in fact, declined to certify a candidate to challenge the disclosure requirement. A future candidate could challenge the disclosure requirement well in advance of their deadline to provide their returns, so long as their plans to run were sufficiently concrete such that the case was ripe. Given the protracted nature of modern political campaigns—particularly for statewide office in a state as large as California—it is thus not "almost certain" that a future

3

candidate would have inadequate time to have an identical challenge heard in full, *see Alcoa*, 698 F.3d at 787, particularly because a future candidate asserting such a challenge could seek expedited review of the controversy. *See Hamamoto v. Ige,* 881 F.3d 719, 723 (9th Cir. 2018) (declining to apply "capable of repetition yet evading review" exception to constitutional challenge to Hawaii election law where plaintiffs "ha[d] not demonstrated that expedited review would have been unavailable in a case like theirs.") Because a prospective future challenge to the disclosure requirement is not necessarily contingent on an event that occurs close in time to the relevant election, the first prong of the exception does not apply to this case.

As for the second prong, Plaintiff has not shown a reasonable likelihood that the disclosure requirement will be applied again against him. Plaintiff has the burden to demonstrate the likelihood of recurrence. *See Koller,* 312 F. Supp. 3d at 825 (citing *Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985)). Although the possibility of recurrence need not be a certainty, Plaintiff identifies no cases where past status as a candidate, without more, was sufficient to establish a reasonable likelihood of recurrence. Instead, courts applying the exception usually rely on evidence from the plaintiff that they intend to partake in the same activity that led to the lawsuit. Indeed, even in the case Plaintiff cites, *Rosenstiel v. Rodriguez*, the capable of repetition prong was satisfied not merely because of the candidates' "continued political involvement," as Plaintiff contends, *see* Dkt. 25, at 8, but rather because both plaintiffs "claim[ed] that they harbor future political aspirations and intend[ed] to run for state office." 101 F.3d 1544, 1547 n.4 (8th Cir. 1996). Similarly, in *Porter v. Jones*, the plaintiff's claim related to a "vote-swapping" website was not moot because the plaintiff "ha[d] expressed his intent to create a similar website in future presidential elections." 319 F.3d 483, 490 (9th Cir. 2003). But Plaintiff makes no similar allegations in his complaint or even in his briefing to suggest that he will run for governor in the future, so he has not shown that he will be subject to the disclosure requirement in the future.[2]

---

[2] Plaintiff states the capable of repetition prong "does not require the plaintiff to 'make an affirmative showing' that he will run again with certainty[.]" Dkt. 25, at 8. But despite the use of quotation marks around the term "make an affirmative showing," the case cited at the end of the relevant sentence does not include the quoted language. *See Porter*, 319 F.3d at 490. The language is also not found in the case cited in the previous sentence, *Rosenstiel v. Rodriguez*, 101 F.3d 1544, 1548–49 (8th Cir. 1996); nor did the Secretary use that phrase in her opening brief. *See* Dkt. 22.

Defendant's Reply Supporting Motion to Dismiss Plaintiff's Complaint (2:26-cv-01643-WBS-SCR)

Thus, Plaintiff has not shown that the challenged action is "capable of repetition" against him, so the exception does not apply. For that same reason, Plaintiff has not established that he has asserted any ripe claims based on his status as a presumptive candidate in the 2030 gubernatorial election, and indeed Plaintiff has disclaimed any intent to assert a claim on that basis. *See* Dkt. 25 at 8-9.

Plaintiff's constitutional challenge to the tax return disclosure requirement is capable of being litigated by a future candidate with a concrete stake in the issues and outcome. Even if Plaintiff still wishes to challenge the requirement, he may not use the judicial process as "a vehicle for the vindication of the value interests of concerned bystanders." *United States v. Students Challenging Regul. Agency Procs. (SCRAP)*, 412 U.S. 669, 687 (1973). Thus, this case should be dismissed as moot.

## II.    PLAINTIFF HAS NOT STATED CLAIMS FOR RELIEF

### A.    Plaintiff does not plausibly allege that the disclosure requirement is a severe burden, so his *Anderson-Burdick* claim fails.

Plaintiff's *Anderson-Burdick* claim fails as a matter of law because the tax-return disclosure requirement is not a severe burden and it advances important state interests. Plaintiff resists this conclusion and contends that his *Anderson-Burdick* claim survives the pleading stage, at least, because: 1) the complaint plausibly alleges a severe burden; 2) a district court previously held in *Griffin v. Padilla*, 408 F. Supp. 3d 1169 (E.D. Cal. 2019), that a similar scheme for presidential candidates triggers strict scrutiny; and 3) the disclosure requirement fails intermediate scrutiny. None of these arguments are persuasive.

As for the severe burden, Plaintiff contends first that "extra-statutory qualification[s] for office . . . operate[] as a severe burden." Dkt. 25, at 10. But Plaintiff fails to support this contention with authority. Plaintiff appears to conflate an argument that he made in his State-court litigation—that the State Legislature lacks the authority to prescribe qualifications for state office beyond those found in the California Constitution, *see* Dkt. 14 at 19-20—with the *Anderson-Burdick* balancing claim that he pleaded in this case. Whether a ballot-access restriction is, in fact, an extraconstitutional qualification for office—and whether the Legislature has the

authority to enact such additional qualifications—are irrelevant to the question of whether the restriction is a "severe burden" on a candidate's rights for the purposes of the *Anderson-Burdick* test, which turns on whether the restriction "seriously restrict[s] the availability of political opportunity." *See Ariz. Green Party v. Reagan*, 838 F.3d 983, 988 (9th Cir. 2016). The only case that Plaintiff cites to support his "qualification" argument, *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827 (1995), is inapposite for several reasons, the most important being that it is not an *Anderson-Burdick* case, and it says nothing about whether a ballot-access restriction that amounts to an extra-constitutional qualification is a "severe burden" on a candidate's right to access the ballot under the *Anderson-Burdick* framework. Plaintiff also cites several cases to show that ballot access laws affect the rights of both politicians and voters, *see* Dkt. 25, at 10, but he does not explain why that principle is relevant to the burden analysis or his qualifications-based argument

Plaintiff further contends that whether the requirement "seriously restrict[s] the availability of political opportunity" is a fact question that cannot be resolved on the pleadings. Dkt. 25, at 10. But even as pleaded, Plaintiff's complaint fails to establish that the burden of disclosure is plausibly severe, because nothing in Plaintiff's complaint suggests that the requirement prevents "reasonably diligent" candidates from gaining a place on the ballot. *Ariz. Green Party*, 838 F.3d at 989. Factors relevant to that question include how difficult it was to comply with the requirement and how difficult it has been for candidates and parties to comply with the requirement historically. *See id.* at 900. But Plaintiff asserts no allegations nor provides any argument that complying with the disclosure is "difficult." Although Plaintiff tries to distinguish this case from other ballot-access requirements because the tax-return disclosure requirement requires candidates to share personal financial information, he does not explain why that distinction is relevant to the burden analysis, which turns on whether reasonably diligent candidates can access the ballot despite the ballot-access requirement. The bottom line is that the disclosure requirement is easily complied with and does not seriously restrict political opportunity. Nothing in Plaintiff's complaint or his briefing is to the contrary, so Plaintiff's *Anderson-Burdick* claim fails as a matter of law.

As for *Griffin v. Padilla*, Plaintiff's reliance on this case is misplaced for the reasons the Secretary explained in her opening brief in support of the Motion to Dismiss. *See* Dkt. 22, at 18-19. Plaintiff does not address the core of the Secretary's argument, which is that *Griffin* misunderstood the nature of a burden under *Anderson-Burdick*. The mere fact that a candidate's failure to comply with a ballot-access requirement "amounts to a functional bar against the ability to cast an effective vote" for that candidate, *see Griffin*, 408 F. Supp. 3d at 1182, cannot be enough to make that requirement a "severe burden." If that were so, *every* ballot access requirement would be a severe burden. But Courts have consistently upheld ballot-access requirements that are plainly more difficult to comply with than disclosing five years of tax returns. *See, e.g.*, *De La Fuente v. Padilla*, 930 F.3d 1101, 1106 (9th Cir. 2019) (requirement to collect signatures from one percent of all registered voters in California). Accordingly, this Court should not follow *Griffin* and should instead follow the long line of Ninth Circuit cases which make clear that a burden is not severe so long as it does not systematically prevent reasonably diligent parties from gaining access to the ballot.

Finally, Plaintiff's argument that the disclosure requirement fails intermediate scrutiny lacks merit. Plaintiff's argument on this point is based primarily on *Patterson v. Padilla*, 8 Cal. 5th 220, 224–25 (2019), which, Plaintiff contends, demonstrates that the state's informational interest "is not weighty enough to justify excluding candidates who decline to disclose." Dkt. 25, at 12. Not so. Plaintiff is again trying to fit a case based on a different legal theory into the framework of *Anderson-Burdick* balancing. *Patterson* is not an *Anderson-Burdick* balancing case and thus, it has nothing to say about the relative strength of the State's interest in informing the public about candidates for office. As the Secretary explained in her opening brief, *see* Dkt. 22, at 19-20, the tax-return disclosure requirement for presidential candidates did not fail because the State's interest was found wanting in a balancing analysis; rather, it was because the requirement directly conflicted with an express provision of the California Constitution that is not implicated in this case. *See Patterson,* 8 Cal. 5th at 223. *Patterson* does not show that the State's interest in informing the public about candidates is invalid or even weak, and Ninth Circuit precedent makes

7

clear that states have a valid interest in fostering an informed electorate. *See*, *e.g. Caruso v. Yamhill County ex rel. County Com'r*, 422 F.3d 848, 861 (9th Cir. 2005).

Finally, as for Plaintiff's argument that the disclosure requirement is not adequately tailored to serve that interest, Plaintiff fails to show that the requirement does not "reasonably advance important interests," which is all that is required for it to pass muster under *Anderson-Burdick. See De La Fuente*, 930 F.3d at 1105; *Dudum v. Arntz*, 640 F.3d 1098, 1106 (9th Cir. 2011) ("Where non-severe, lesser burdens on voting are at stake, we apply less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." (internal alterations and quotations marks omitted)). Plaintiff complains that being excluded from the ballot for failing to comply with the disclosure's technical requirements is too severe to serve the State's interest in informing the electorate. But the law provides candidates with ample opportunity to cure any deficient submissions. *See* Cal. Elec. Code § 8903(b). And Plaintiff's proposed alternatives—allowing candidates to voluntarily disclose their returns or limit disclosure to information "bearing on conflicts of interest," *see* Dkt. 25, at 12—are plainly inadequate. The disclosure requirement serves the State's interest in informing voters about their candidates for governor by giving the public a complete picture of the candidate's finances, so that voters may assess the risk of a candidate engaging in corruption for themselves. *See* Cal. Elec. Code § 8900. It thus reasonably advances an important state interest and satisfies *Anderson-Burdick* balancing.

Even taking all of Plaintiff's factual allegations as true, Plaintiff's *Anderson-Burdick* claim fails. The disclosure requirement is not a severe burden, and the requirement reasonably advances important state interests. His *Anderson-Burdick* claim should be dismissed as a matter of law.

**B.    Plaintiff still fails to identify a liberty or property interest to which due process rights attach, so his procedural due process claim fails.**

Plaintiff attempts to save his due process claim by mischaracterizing precedent and the allegations in his complaint. Those attempts are unavailing. Although Plaintiff concedes that he does not have a liberty or property interest in *being* Governor, he nevertheless contends that he has a due process right in "fair administration of an established statutory process" for election

administration. *See* Dkt. 25, at 13. But Plaintiff's complaint expressly predicates his due process claim on his alleged "liberty interest in seeking elective office and participating in the electoral process," *see* Dkt. 1, ¶ 61. The complaint makes no reference to a purported liberty or property right arising from the statutory scheme controlling ballot access. Plaintiff's due process claim is based on an alleged right to be a candidate for state office, which is foreclosed by *Snowden v. Hughes,* 321 U.S. 1, 7 (1944).

In any event, Plaintiff's attempt to recast the relevant interest as one arising from the administration of the "statutory process" for ballot access fails. Although Plaintiff avers that "the distinction between a claimed entitlement to office (unprotected under *Snowden*) and a claim to fair administration of an established statutory process (cognizable) is well recognized," *see* Dkt. 25, at 13, he cites no cases to support this purportedly well recognized proposition. To establish a property interest to which due process rights attach, a plaintiff must show that they have an entitlement to some benefit that is conferred through "statute, regulation, contract, or established practice." *Armstrong v. Reynolds*, 22 F.4th 1058, 1067 (9th Cir. 2022). But Plaintiff makes no effort to explain why or how the Elections Code gives rise to such an entitlement, and he cites no cases where a state-level election-administration scheme has been found to confer a protectable property interest on a candidate. That is unsurprising in light of *Snowden*, which courts have interpreted to hold that individuals do not have a due process interest in being a candidate. *See*, *e.g.*, *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012) (upholding district court's conclusion that plaintiff "had no property right to be a candidate" for state office); *Jennerjahn v. City of Los Angeles*, No. 215CV263JFWGJS, 2016 WL 1358950, at *12 (C.D. Cal. Mar. 15, 2016), report and recommendation adopted, No. CV1500263JFWGJS, 2016 WL 1327555 (C.D. Cal. Apr. 5, 2016) ("Nor is there a cognizable liberty interest in *pursuing* or obtaining an elected position." (emphasis added)). Because candidates do not have a liberty or property right in pursuing a state-level candidacy, it follows that the statutes regulating the electoral process do not confer a liberty or property interest on candidates either. Because Plaintiff has not and cannot show that he has an interest in seeking the governorship to which due process rights attach, his procedural due process claim fails.

9

## C.    Plaintiff's vague and conclusory allegations fail to state an equal protection claim.

Finally, Plaintiff contends that his equal protection claim must be allowed to move forward despite his reliance on vague and conclusory allegations. But those allegations fail even at the pleading stage, for two reasons.

First, Plaintiff fails to identify a comparator to substantiate his claim that other candidates were treated more favorably than he was. Plaintiff's class-of-one claim requires him to show that he was treated differently than another candidate who was "in all relevant respects alike." *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Lindsay v. Bowen*, 750 F.3d 1061, 1065 (9th Cir. 2014) (upholding grant of summary judgment dismissing candidate's equal protection claim because plaintiff "can't identify a single person who appeared on the California ballot" who was similarly disqualified from holding office). Thus, to state a plausible claim for relief, Plaintiff was required to plead enough facts to plausibly suggest that such a candidate exists. *See Sheets v. City of Winslow*, 859 F. App'x 161, 162 (9th Cir. 2021) (dismissing Title VII discrimination claim where vague allegations prevented court from determining whether comparators were similarly situated).

Plaintiff contends that it is sufficient for him to allege in a conclusory fashion that Thomas Woodward's returns had deficiencies "comparable to those the Secretary attributed to Plaintiff," and that whether Plaintiff and Woodward were, in fact, similarly situated is a matter for factual development. Dkt. 25, at 14. But this falls short of what is required to plead intentional discrimination. Although Plaintiff is not required to *prove* that Woodward is an appropriate comparator at this stage of the case, Plaintiff must at least *plead* facts to plausibly suggest that Woodward is an appropriate comparator. And Plaintiff cannot do that without some explanation of *how* Woodward and Plaintiff's deficiencies were substantially similar. *See Klingman v. County of Maui*, No. 16-00399 ACK-RLP, 2016 WL 6996986, at *5 (D. Haw. Nov. 29, 2016) (finding that the plaintiff failed to plead the similarly situated element where she did not allege that her and her comparator's roles were similar). Without more detail, Plaintiff's assertion that Woodward's submissions had similar deficiencies to Plaintiff's is an unsubstantiated legal

conclusion that this Court must disregard.

Second, Plaintiff fails to plead facts to plausibly suggest that the Secretary intentionally discriminated against him. Plaintiff contends that discrimination may be inferred from the fact that the Secretary "accepte[ed] comparable or materially less compliant submissions from other[] [candidates] without objection." Dkt. 25, at 14. But for the reasons explained above, Plaintiff has not actually pleaded facts to suggest that the Secretary *did* accept comparable submissions from other candidates. Plaintiff fails to plead any facts to show that *Woodward* had comparable submissions, much less that there were other candidates with similar deficiencies. And Plaintiff pleads no facts whatsoever about the experiences that other candidates had with the Secretary. His allegations on this point are conclusory statements layered on top of conclusory statements, and fall short of pleading factual matter that demonstrates that he is plausibly entitled to relief. Plaintiff had an opportunity to provide more detail in his opposition or in an amended complaint, but he did not do so. Because Plaintiff's submissions demonstrate that he is unable to provide any additional facts to bring his claims into the realm of plausibility, this claim should be dismissed without leave to replead.

Finally, Plaintiff's contention that *Snowden* shows that his equal protection claim must move forward, *see* Dkt. 25, at 14, is misplaced. Although *Snowden* certainly demonstrates that intentional discrimination in election administration may give rise to an equal protection claim, *see* 321 U.S. at 8, it says nothing about what a plaintiff must plead to state such a claim. Plaintiff has failed to state an equal protection claim, so it must be dismissed.

///
///
///
///
///
///
///
///

11

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant's motion to dismiss.


Dated:  July 24, 2026                                   Respectfully submitted,

                                                        ROB BONTA
                                                        Attorney General of California
                                                        LARA HADDAD
                                                        Supervising Deputy Attorney General


                                                        /s/ Joe Meeker
                                                        JOSEPH H. MEEKER
                                                        Deputy Attorney General
                                                        *Attorneys for Defendant*
                                                        *Office of Secretary of State*

Defendant's Reply Supporting Motion to Dismiss Plaintiff's Complaint (2:26-cv-01643-WBS-SCR)

# CERTIFICATE OF SERVICE

Case Name:   **Ware v. Weber**                    Case No.   **2:26-cv-01643-WBS-SCR**

I hereby certify that on <u>July 24, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT'S REPLY SUPPORTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 24, 2026</u>, at Los Angeles, California.


Linda Zamora                                      */s/ Linda Zamora*
Declarant                                          Signature

SA2026302221
68485679